**27** In the Matter of the Arbitration between TRANSAMERICA INSURANCE COMPANY, Respondent, and SAMUEL WEINBERG, Appellant. — In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, dated September 20, 1979, which granted the application. Judgment affirmed, without costs or disbursements. In this proceeding the appellant, Samuel Weinberg, claims that on September 20, 1978, while as a passenger alighting from the motor vehicle owned by James Felder, he sustained an injury to his head when he was struck by the door. Felder was insured by the Government Employees Insurance Company (GEICO) under a policy which provided, under its mandatory personal injury protection indorsement, for a maximum of $1,000 per month as reimbursement for income lost due to a motor vehicle accident. At the time of the accident the appellant was insured by the petitioner, Transamerica Insurance Company, under a policy which provided, under its additional personal injury protection indorsement, for a maximum of $3,000 per month as reimbursement for lost income. Appellants claims for no-fault benefits were denied by both carriers. GEICO's denial was based on appellant's failure to substantiate his business-related losses. The petitioner denied upon the ground that "Being the excess carrier, Transamerica is unable, at this time, to issue any monies to Applicant until we are advised by GEICO, the primary carrier, the amount they are paying Mr. Weinberg." Thereafter, on June 6, 1979, the appellant demanded arbitration of his claim against GEICO, and on June 19, 1979, he requested arbitration of his claim against the petitioner and that both arbitrations be had in the same proceeding.

The instant proceeding to stay arbitration was then instituted by Transamerica Insurance Company. Although Special Term correctly stayed arbitration, its reason, based upon a finding that the appellant was not entitled to first-party benefits because his loss was not the result of the use or operation of an uninsured motor vehicle under section 672 (subd 1, par [b]) of the Insurance Law, is not relevant. Here, the appellant's loss arose out of the use or operation of Felder's motor vehicle which was insured at the time. Petitioner concedes that it is appellant's carrier for *additional* first-party benefits and that it would be required to pay such benefits, contingent only upon appellant's proof of damages. Arbitration, under such circumstances, must be stayed and the judgment affirmed for the reason that 11 NYCRR 65.13 provides that arbitration is not available to a claimant seeking *additional* first-party benefits. While the wisdom of this regulation may be questionable since it would require a claimant seeking mandatory first-party benefits either to forgo his right to arbitrate his claim for mandatory first-party benefits or to participate in an arbitration proceeding and a plenary action at law in order to obtain full recourse, the making of the regulation falls within the authority of the Superintendent of Insurance (see *Ostrer v Schenck,* 41 NY2d 782) and, consequently, it must be enforced. In the interest of establishing a more efficient procedure to effectuate the purposes of the no-fault law and to avoid a needless burden upon the courts and unnecessary expense to claimants, it is suggested that legislation be enacted to permit a single arbitration to determine claims made for mandatory first-party personal injury benefits and for any excess additional first-party personal injury benefits. Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.